IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| COREY L. COLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELTAVILLE BOATYARD, LLC )<br>)<br>Defendant. ) | Civil Action No.: |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Corey L. Coles (hereinafter "Coles"), and for his First Amended Complaint against the Defendants Deltaville Boatyard, LLC, pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, alleges as follows:

### INTRODUCTION

This action arises under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff seeks redress for retaliation. Deltaville Boatyard hired Plaintiff and subsequently discharged him based on his race, African-American. Plaintiff filed a race discrimination charge with the EEOC against Deltaville Boatyard. Thereafter four boatyards in the Deltaville area hired Plaintiff. Each time the Defendant discussed the EEOC charge that Mr. Coles filed against Deltaville Boatyard with Plaintiff's new employer. Deltaville Boatyard actually provided a copy of the charge to at least two of Mr. Coles' new employers. In each case Deltaville Boatyard warned the new employer of Mr. Coles to "be careful" with Mr. Coles because of the race

1

discrimination charge Mr. Coles had filed against Deltaville Boatyard. In three of the four instances, Mr. Coles' new employer fired him, without cause, and within a couple of weeks of the aforesaid contact with Deltaville Boatyard. As a result, Mr. Coles was forced to switch careers, and he suffered grievous physical, emotional and economic damages as a result of the foregoing.

## PARTIES

1.  Mr. Coles is an African-American citizen of the Commonwealth of Virginia who resides in White Stone, Virginia (which is in Lancaster County).

2.  Deltaville Boatyard, LLC (hereinafter "Deltaville Boatyard") is a Virginia Limited Liability Corporation doing business in Virginia and based in Deltaville, Virginia (which is in Middlesex County).

## JURISDICTION AND VENUE

3.  The Court has jurisdiction because Defendant's business is based in, and Defendant maintains its registered agent for service of process in this district and division.

4.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant's business is based in, and Plaintiff did at all times relevant to this suit and continues to reside in this district and division.

## FACTS COMMON TO ALL COUNTS

5.  Coles started working at Deltaville Boatyard in Deltaville, VA as a boat painter on June 8, 2004.

6.  Coles had more than 16 years experience repairing and painting boats when he joined Deltaville Boatyard, and his work was uniformly professional and praised by Deltaville Boatyard.

8. Deltaville Boatyard discharged Plaintiff on May 9, 2005 without cause, explanation or advance warning, and upon information and belief, because of his race, African American.

9. On May 26, 2005 Plaintiff filed a race discrimination charge with the Equal Employment Opportunity Commission against Deltaville Boatyard.

10. The EEOC provided notice of the race discrimination charge to Deltaville Boatyard in June 2005.

11. In late May 2005 Plaintiff obtained a job at Crown Marine in the Deltaville area.

12. Plaintiff performed his job as a boat painter at Crown Marine competently and without incident.

13. In early November 2005 Deltaville Boatyard's owner, Keith W. Ruse, acting within the scope of his authority on behalf of Deltaville Boatyard, provided John A. "Bubbie" Crown, the owner of Crown Marine with a copy of Plaintiff's EEOC race discrimination charge and discussed the charge with him.

14. Upon information and belief, Mr. Ruse told Mr. Crown to "be careful" with Mr. Coles lest Mr. Coles file a claim against him too.

15. Plaintiff saw Mr. Ruse at Crown Marine in early November 2005.

16. In early November 2005 and just prior to his discharge, Plaintiff saw a copy of his EEOC discrimination charge on the desk of Mr. Crown.

17. Later that week on November 8, 2005 Crown Marine discharged Plaintiff without cause, explanation, or advance warning.

18. Mr. Crown told Mr. Coles "I suppose you are going to file a charge against me like

you did against Mr. Ruse."

19. Mr. Crown also told Plaintiff that Mr. Ruse had faxed a copy of Mr. Coles' EEOC charge to Mr. Crown and to just about every other boatyard in the Deltaville area where Plaintiff could obtain a job as a boat painter.

20. Finally, Mr. Crown told Mr. Coles that Mr. Ruse said he intended to prevent Mr. Coles from ever working at a boatyard in Deltaville again.

21. A week after Crown Marine fired Mr. Coles, Plaintiff commenced employment for Janie and Russell Ruark, the owners of Deagles Boatyard in the Deltaville area.

22. Soon thereafter, Mr. Ruse, again acting within the scope of his authority on behalf of Deltaville Boatyard, told Janie Ruark that Mr. Coles had filed a race discrimination charge against Deltaville Boatyard.

23. Mr. Ruse also told Ms. Ruark that Mr. Coles had filed his EEOC charge after Mr. Ruse fired Mr. Coles, and that she "better watch out."

24. Mr. Ruse stated that if Ms. Ruark ever fired Mr. Coles, Mr. Coles was likely to file a race discrimination charge against her company, so she should "be careful".

25. Mr. Ruse also told Ms. Ruark that he had faxed copies of the EEOC race discrimination charge filed by Mr. Coles against his company to virtually all of the boatyards in the Deltaville area where Mr. Coles could obtain employment as a boat painter.

26. On March 1, 2006 Ms. Ruark and Mr. Coles met, and Ms. Ruark said that Mr. Coles' work was acceptable, and she intended to retain his services.

27. Although Mr. Ruse's intervention into the employment of Mr. Coles at Deagles Boatyard did not cost Mr. Coles his job (at that time), the meeting between Mr. Ruse and Ms. Ruark

corroborates the systematic, illegal and continuing efforts by Mr. Ruse to prevent or attempt to prevent by word or writing, directly or indirectly, Mr. Coles from obtaining or retaining employment with other boatyards in the Deltaville area.

28. On or about August 1, 2006 the Ruark's sold Deagles Boatyard to Richard and Jonathan Farinholt, who renamed the business Chesapeake Marine Railway, LLC.

29. A few weeks later Mr. Ruse, again acting within the scope of his authority on behalf of Deltaville Boatyard, appeared at Chesapeake Marine Railway and discussed the EEOC race discrimination charge filed by Plaintiff against Deltaville Boatyard with Richard "Rick" Farinholt.

30. On that day in August 2006, Mr. Coles saw Mr. Ruse and Rick Farinholt reviewing papers and staring at Mr. Coles.

31. Based on his prior experience with Mr. Ruse, Mr. Coles reasonably concluded that Mr. Ruse and Mr. Farinholt were discussing Mr. Coles and his EEOC charge.

32. Upon information and belief, the papers that they were reviewing were copies of the EEOC race discrimination charge that Mr. Coles filed against Deltaville Boatyard.

33. Because Mr. Ruse had no legally permissible reason to discuss the EEOC charge with Mr. Coles' employer, Plaintiff reasonably concluded that Mr. Ruse provided a warning to Mr. Farinholt similar to the warning he delivered to Mr. Crown and Ms. Ruark.

34. The very next day Mr. Farinholt called Mr. Coles in for his "new employee interview" which Mr. Farinholt was providing to the employees that he inherited when he purchased Deagles Boatyard.

35. Mr. Farinholt did not ask Mr. Coles about his qualifications as a boat painter at the meeting.

36. Mr. Farinholt only asked Mr. Coles about the EEOC charge that Plaintiff had filed against Deltaville Boatyard.

37. Mr. Coles hesitated to provide detailed information about the EEOC charge because his EEOC investigator told Mr. Coles the charge was confidential.

38. Mr. Farinholt said "we are through here then".

39. During the next few weeks. Mr. Coles continued to preform his work up to legitimate expectations of his new employer.

40. Nevertheless, within a month, Chesapeake Marine Railway discharged Mr. Coles without cause, advance warning or an explanation.

41. Upon information and belief, the Ruark's had negotiated for the retention by Chesapeake Marine Railway of all of their employees.

42. Upon information and belief, Mr. Coles was the only employee of Deagles Boatyard that was not retained by Chesapeake Marine Railway that sought to continue employment there.

43. Subsequently, Plaintiff applied for and obtained a job painting boats at Schroeder Yacht Systems, Ltd.

44. Plaintiff preformed his job up to the legitimate expectations of his new employer for a number of months.

45. Upon information and belief, Mr. Ruse, again acting within the scope of his authority on behalf of Deltaville Boatyard, informed the owner of Schroeder Yacht Systems, Ltd. that Mr. Coles had filed an EEOC race discrimination charge against Deltaville Boatyard.

46. Soon after receiving this information, Schroeder Yacht Systems, Ltd. discharged Plaintiff without cause, explanation or advance warning.


47. By informing Crown Marine, Dealges Boatyard, Chesapeake Marine Railway and Schroeder Yacht Systems, Ltd. of Mr. Coles' EEOC charge, Deltaville Boatyard, upon information and belief, caused each of those subsequent employers of Plaintiff to consider him a disgruntled employee or "troublemaker" because Plaintiff had filed a race discrimination charge with the EEOC against Deltaville Boatyard.

48. Upon information and belief, Deltaville Boatyard did in fact fax copies of Mr. Coles' race discrimination charge that he filed with the EEOC to at least ten boatyards in the Deltaville area, including but not limited to Crown Marine, Deagles Boatyard, Chesapeake Marine Railway and Schroeder Yacht Systems.

49. Not only did Deltaville Boatyard not have the legal right to forward the EEOC charge selectively to employers and prospective employers of Mr. Coles, but it did so with the express purpose of causing Mr. Coles to either not be hired or to be discharged from positions he obtained as a boat painter.

50. At no time did Mr. Coles provide a copy of his EEOC charges alleging race discrimination or retaliation against Deltaville Boatyard to any boat yard in the Deltaville area, or anyone else for that matter.

51. Illegal retaliation and ill will motivated Deltaville Boatyard to inform Crown Marine, Deagles Boatyard, Chesapeake Marine Railway and Schroeder Yacht Systems, Ltd. and other boat yards of the prior EEOC charge filed by Plaintiff, as the fact that Plaintiff had filed the charge was irrelevant to an assessment of Plaintiff's abilities as an employee.

52. Each boatyard but Deagles did exactly what Deltaville Boatyard hoped they would do: they harbored prejudice against Mr. Coles because he had brought a race discrimination charge

against Deltaville Boatyard, and they fired him as a result of that prejudice.

53. Crown Marine, Chesapeake Marine Railway and Schroeder Yacht Systems, Ltd. Would not have discharged Mr. Coles but for the actions of Defendant.

54. Each discharge that Plaintiff suffered was the direct, proximate result of the protected activity in which he engaged, because Deltaville Boatyard informed each of Mr. Coles' subsequent employers about his protected activity just before they discharged him.

55. In addition, the pattern of antagonism against Mr. Coles by Deltaville Boatyard following the protected conduct also demonstrates the causal connection between the protected activity and the discharge.

56. Defendant acted with reckless and malicious disregard for the rights of Mr. Coles.

57. Mr. Coles was unemployed for a number of months after his discharge from Chesapeake Marine Railway and Schroeder Yacht Systems, Ltd., and he was forced to abandon his career of repairer and approximately 18 years duration as a boat painter.

58. A reasonable employee would have been deterred from engaging in protected activity by the actions of Deltaville Boatyard set forth herein.

59. As a result of the deliberate discriminatory actions of Defendant, Plaintiff has lost pay and benefits, and gradually experienced various physical and emotional symptoms including without limitation the following: anger, anxiety, depression, diminished self-worth, nightmares, headaches, nausea and sleepless nights.

## COUNT I - TITLE VII RETALIATION BY DELTAVILLE BOATYARD (INVOLVING CROWN MARINE)

60. Plaintiff restates each of the foregoing allegations as if set forth at length herein.

61. On August 28, 2006 Plaintiff filed a timely charge of retaliation against Deltaville Boatyard with the EEOC.

62. By letter dated June 26, 2009 the EEOC determined that there was reasonable cause to believe the Deltaville Boatyard retaliated against the charging party, Plaintiff in violation of Title VII.

63. By notice dated May 12, 2010 the EEOC informed Plaintiff that he had 90 days from the receipt of the notice to bring suit for retaliation against Deltaville Boatyard.

64. This suit was brought within 90 days of the date of the notice of suit rights provided by the EEOC to Plaintiff.

65. Plaintiff engaged in a legally protected activity when he filed his race discrimination charge against Deltaville Boatyard.

66. Deltaville Boatyard retaliated in violation of Title VII against Plaintiff by providing a copy of that discrimination charge and discussing that charge with Crown Marine in order to interfere with Plaintiff's employment at Crown Marine, Deagles Boatyard, Chesapeake Marine Railway and Schroeder Yacht Systems.

67. Each of the three subsequent employers that fired him after Deltaville Boatyard informed them about his EEOC race discrimination charge took an adverse employment action against Plaintiff.

## COUNT II - 42 U.S. CODE § 1981 RETALIATION BY DELTAVILLE BOATYARD (INVOLVING CHESAPEAKE MARINE RAILWAY)

68. Plaintiff restates each of the foregoing allegations as if set forth at length herein.

69. The foregoing conduct also violated 42 U.S. Code §1981.

70. Title 42, United States Code § 1981(a) provides that all persons shall have the right to make and enforce contracts, shall be entitled to the full and equal benefit of all laws, and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment and exactions of every kind, and to no other.

71. According to Section 1981(b) the term "make and enforce contracts" includes the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

72. This retaliation claim is brought within four years of the date of Defendant's retaliatory interference with the Plaintiff's jobs at and his discharge from Chesapeake Marine Railway and Schroeder Yacht Systems, Ltd., as required by 42 U.S.C. §1981 and 28 U.S.C. §1658.

73. Each paragraph in this Complaint is hereby incorporated into each other paragraph.

WHEREFORE, Mr. Coles seeks back pay and front pay, compensatory and punitive damages, pre-judgment and post-judgment interest, reasonable attorney's fees, costs and expert witness fees, pursuant to 42 U.S.C. § 1988(b) and (c), plus appropriate relief pursuant to 42 U.S.C. § 1981 (a)(1), and such additional relief as the Court deems appropriate.

TRIAL BY JURY IS DEMANDED.

COREY L. COLES

DATE: 10/8/10

BY: _____
Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com