**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **COREY L. COLES,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**DELTAVILLE BOATYARD, LLC,** )<br>)<br>    **Defendant.** )<br>) | **CIVIL NO. 3:10cv491-DWD** |

### MEMORANDUM OPINION

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the Plaintiff's Motion for Attorneys' Fees (ECF No. 133). The matter has been adequately briefed by the parties' submissions and the Court dispenses with oral argument, finding that it will not materially aid in the decisional process. For the reasons set forth herein, the Plaintiff's Motion for Attorneys' Fees (ECF No. 133) shall be GRANTED, in part, and DENIED, in part, and the Plaintiff shall be awarded a sum of three-thousand eight-hundred twenty-five and 00/100 dollars ($3,825.00) for attorneys' fees.

### I. BACKGROUND

On October 25, 2011, Corey L. Coles ("Coles" or the "Plaintiff") filed a Motion for Attorneys' Fees and costs (ECF No. 112) (the "First Motion for Attorneys' Fees") associated with his successful pursuit of a claim for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Thereafter, on November 8, 2011, Deltaville Boatyard, LLC ("Deltaville Boatyard" or the "Defendant") filed a Motion to Alter or Amend the Judgment (ECF No. 117), asking this Court to amend its earlier judgment so as to deny Coles the compensatory

and punitive damages previously awarded.

By Order dated December 12, 2011 (ECF No. 128), the Court denied the Defendant's Motion to Alter or Amend. Subsequently, on December 19, 2011 (ECF No. 130), the Court granted in part and denied in part the Plaintiff's First Motion for Attorney's Fees.

The Plaintiff now moves for an additional award of costs and attorneys' fees incurred as a result of having to respond to the Defendant's Motion to Alter or Amend the Judgment (the "Second Motion for Attorneys' Fees").[1] The Plaintiff's motion includes a declaration of counsel, Christopher Colt North (the "North Declaration"), and a summary of services rendered by him and his partner in responding to the Defendant's Motion to Alter or Amend the Judgment. According to the North Declaration and the attached invoice, he spent a total of 3.75 hours preparing Plaintiff's Brief in Opposition to Defendant's Motion to Alter or Amend at a rate of three-hundred dollars per hour ($300/hour), for a total fee of one-thousand one-hundred twenty-five and 00/100 dollars ($1,125.00). Mr. North's partner, William L. Downing ("Downing"), spent 23.30 hours preparing a response to the Defendant's motion at a rate of two-hundred fifty

---

[1] On December 22, 2011, the Plaintiff simultaneously filed Motions to Reopen the Case (ECF No. 131) and for Attorneys' Fees (ECF No. 133) under the mistaken belief that it would be necessary for the Court to reopen the case in order to consider his supplemental request for attorneys' fees. However, the Court's December 23, 2011 Order (EFC No. 135) denied the Plaintiff's Motion to Reopen, noting that it nonetheless retained jurisdiction to resolve collateral matters such as further requests for attorneys' fees. Thus, the Court's December 23, 2011 Order did not rule upon the Plaintiff's Second Motion for Attorneys' Fees filed on December 22, 2011. Thereafter, on December 27, 2011, the Plaintiff re-filed the same motion and memorandum in support (ECF Nos. 136 and 137) that had already been filed on December 22, 2011.

In its Brief in Opposition to Plaintiff's Motion for Attorneys' Fees, the Defendant claims that the Plaintiff's motion is untimely on the grounds that it was "submitted" on December 22, 2011, but was not actually "filed" until December 27, 2011. The Defendant is "splitting hairs" and this Court will not uphold an argument grounded in semantics where, as here, the Defendant suffered no prejudice as a result. Notwithstanding this fact, the duplicative December 27, 2011 filing was timely because the motion was filed no later than 14 days after the Court's ruling on the subject Motion to Alter or Amend the Judgment, as required by Rule 54(d)(2) of the Federal Rules of Civil Procedure.

dollars per hour ($250/hour), for a total fee of five-thousand eight-hundred twenty-five and 00/100 dollars ($5,825.00).[2]  Added together, the requested fees total six-thousand nine-hundred fifty and 00/100 dollars ($6,950.00).  The reasonableness of the hourly rates for Mr. North and Mr. Downing is not in dispute, having already been established *sub judice* (ECF No. 130).

The Defendant contests the number of hours spent by Mr. North and Mr. Downing in opposing the Defendant's Motion to Alter or Amend the Judgment.  Specifically, the Defendant challenges as unreasonable Coles' use of two attorneys to prepare the response to the motion, and the number of hours allegedly expended by the attorneys.

## II. STANDARD OF REVIEW

A trial court's award of attorneys' fees is reviewed for an abuse of discretion.  EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 178 (4th Cir. 2009) (citing Johnson v. City of Aiken, 278 F.3d 333, 336 (4th Cir. 2002)).  Such a review is "sharply circumscribed" because federal appellate courts recognize that the trial court "has close and intimate knowledge of the efforts expended and the value of the services rendered," so the award will not be overturned unless "clearly wrong."  Plyler v. Evatt, 902 F.2d 273, 277-78 (4th Cir. 1990).  The lodestar method, the product of the hours reasonably expended times a reasonable rate, generates a presumptively reasonable fee.  Pennsylvania v. Del. Valley Citizens' Council for Clean Air (Delaware Valley I), 478 U.S. 546, 564 (1986); Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) ("In calculating an award of attorney's fees, a court must first determine a lodestar figure…").  While it is well within the discretion of the district court to determine the amount of the fee, and to adjust the lodestar product upward or downward as it deems appropriate, "this

---

[2] Plaintiff's Statement of Legal Services Rendered claims a total of 24.30 hours for Mr. Downing.  In its Brief in Opposition, Defendant notes, and Plaintiff admits, that the statement contains an inadvertent, mathematical error: the itemized time entries for Mr. Downing actually add up to 23.30 hours.

3

must be done on a principled basis, clearly explained by the court." Lyle v. Food Lion, Inc., 954 F.2d 984, 989 (4th Cir. 1992).

### III. ANALYSIS

Deltaville Boatyard argues against any award of attorneys' fees on the grounds that the Plaintiff's Second Motion for Attorneys' Fees was untimely. This argument fails because: (1) as previously explained, *supra* at n.1, the Plaintiff's submission was within the deadline; and (2) under the "law of the case" doctrine, the Plaintiff's entitlement to attorneys' fees is no longer at issue. Rather, the sole issue in this case is whether the hours claimed by the Plaintiff's attorneys are reasonable.

**A.     An Award of Attorney's Fees is Proper in this Case**

The issue regarding Coles' entitlement to attorneys' fees was addressed previously in the Court's Memorandum Opinion resolving the Plaintiff's First Motion for Attorneys' Fees. See Coles v. Deltaville Boatyard, LLC, No. 3:10cv491-DWD, 2011 U.S. Dist. LEXIS 145551 (E.D. Va. Dec. 19, 2011). As "the law of the case," the Court's previous legal conclusions support an award of attorneys' fees. See Walker v. Kelly, 589 F.3d 127, 137 (4th Cir. 2009). Notwithstanding the "law of the case," the Court also concludes that an additional award of attorneys' fees is proper on the grounds that, contrary to the Defendant's argument in its Brief in Opposition, the submission of the Plaintiff's Second Motion for Attorneys' Fees was timely, as previously explained, *supra*, at n.1.

**B.     The Hours Alleged Are Excessive**

It is well-established that the lodestar approach is the proper method for determining reasonable attorneys' fees. City of Burlington v. Dague, 505 U.S. 557 (1992). The lodestar figure is determined by multiplying the number of reasonable hours expended times a reasonable

rate. Hensley v. Eckerhart, 461 U.S. 424 (1983). As stated in Section I, *supra*, the reasonableness of the rate has already been established *sub judice*. To establish the number of hours reasonably expended, the Plaintiff must "submit evidence supporting the number of hours worked." Id. at 433. In determining the reasonableness of the hours expended, the Court is guided by the twelve Johnson factors.[3] Additionally, the Court must exclude from the calculation hours that are "excessive, redundant, or otherwise unnecessary." Id. at 434.

In the present case, Coles has submitted a Statement of Services Rendered and the North Declaration in support of the attorneys' fees requested. Mr. North reports that he spent some 3.75 hours in preparing Coles' response to the Defendant's Motion to Alter or Amend. Mr. Downing reports 23.30 hours of work in preparing the same document. Deltaville Boatyard challenges as unreasonable Coles' use of two attorneys to prepare the responding motion, and the number of hours reported by each attorney. Deltaville Boatyard supports its challenge by arguing that either attorney should have been able to adequately respond to its motion to alter or amend because both attorneys participated in the litigation through trial and are, therefore,

---

[3] The Johnson factors are set forth as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputations, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The Court is keenly aware of recent jurisprudence suggesting that the Johnson factors are often "subsumed" by the lodestar figure. See, e.g., Delaware Valley I, 478 U.S. at 564 (citation omitted). For that reason, the Court shall limit its discussion to the sole issue of import herein, which is the reasonable number of hours expended.

5

presumably well-familiar with the litigation. Moreover, the response to such a motion was a relatively routine matter that should not have required a significant expenditure of time.[4] The Court agrees.

Upon consideration of the expenses submitted by Mr. North and Mr. Downing in responding to the Defendant's Motion to Alter or Amend, the Court finds the number of hours reported to be excessive, or duplicative in some respects, so as to warrant a reduction from that alleged. In particular, the Court finds as duplicative the decision to employ two attorneys to respond to the Defendant's motion. Both Mr. North and Mr. Downing had been involved in the litigation through trial and, therefore, each was equipped with the necessary information to adequately respond to the motion by themselves. Because Mr. Downing was tasked with responding to the motion, the Defendant should not be responsible for the 3.75 hours also claimed by Mr. North.

The Court also finds the time expended by Mr. Downing in preparing the response to the motion to be excessive. Specifically, responding to the Defendant's Motion to Alter or Amend involves only a moderate level of difficulty, with no special skill being required. While the Plaintiff's Reply Memorandum rightly notes that the evidence needed to be re-analyzed and new supporting cases found in light of Deltaville Boatyard's new legal arguments, Mr. Downing assisted in litigating this case through trial and in submitting detailed post-trial motions. Therefore, Mr. Downing was already intimately familiar with the Plaintiff's evidence, as well as the contents of the trial transcript. Furthermore, as an experienced attorney, Mr. Downing is surely acquainted with the rules and standards governing post-trial motions such as motions to

---

[4] The Court is cognizant of its finding that persistent threats of Rule 11 sanctions could justify additional efforts. However, at this point in the litigation, the issues were well-settled as made clear by the Court's prior rulings. Accordingly, any further threat of sanctions does not warrant additional efforts for purposes of resolving the Second Motion for Attorneys' Fees.

alter or amend a judgment, and with the procedural law governing mailings and presumptions concerning receipts.

Where a court finds duplicative and excessive the hours claimed by the attorney of the party requesting attorneys' fees, the court has the discretion to exclude from its calculation those hours that it deems were not reasonably expended. See Hensley, 461 U.S. at 433; see also Friedrich v. Thompson, No. 1:99CV00772, 1999 U.S. Dist. LEXIS 21303 (M.D.N.C. Nov. 26, 1999) (finding that the use of two attorneys in an action that did not present legal tasks of novel difficulty was unnecessary and resulted in unwarranted duplicative efforts). Therefore, the Court will deduct from its calculation of reasonable hours expended the 3.75 hours claimed by Mr. North and 8.0 of the 23.30 hours claimed by Mr. Downing. Such a calculation reduces the reasonable number of hours spent preparing the motion from 27.05 hours to 15.30 hours, at a rate of two-hundred fifty dollars per hour ($250/hour), rendering the total attorneys' fees awarded of three-thousand eight-hundred twenty-five and 00/100 dollars ($3,825.00). The Court concludes its analysis by noting that the figure represents the lodestar and is, therefore, presumptively reasonable. Delaware Valley I, 478 U.S. at 564.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Second Motion for Attorneys' Fees (ECF No. 133) is GRANTED, in part, and DENIED, in part, and the Plaintiff shall be AWARDED three-thousand eight-hundred twenty-five and 00/100 dollars ($3,825.00) in attorneys' fees expended in responding to the Defendant's Motion to Alter or Amend the Judgment.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: January 25, 2012